legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Haynes,* 175 AD2d 929; *People v Blackshear,* 112 AD2d 1044). It is well settled that the testimony of a single eyewitness, in and of itself, is sufficient to support a conviction (*see, People v Milliner,* 133 AD2d 853; *People v Knight,* 173 AD2d 736). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MYERS, Appellant. [707 NYS2d 878] —Appeal by the defendant from a judgment of the County Court, Westchester County (Leavitt, J.), rendered February 10, 1999, convicting him of attempted burglary in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention on appeal, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]), or without merit. Ritter, J. P., Joy, S. Miller and H. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS PIZZARO, Appellant. [707 NYS2d 894] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered July 29, 1998, convicting him of criminal contempt in the second degree and harassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal contempt in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt of criminal contempt in the second degree was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contention is without merit. Sullivan, J. P., Florio, Luciano and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BAICHAN PRASHAD, Appellant. [707 NYS2d 880] —Application by

the appellant, *inter alia*, for a writ of error coram nobis to vacate, on the ground of ineffective assistance of counsel, a decision and order of this Court dated April 12, 1999 (*People v Prashad,* 260 AD2d 507), affirming a judgment of the Supreme Court, Queens County, rendered June 25, 1996.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Sullivan, J. P., S. Miller, Friedmann and Luciano, JJ., concur.